# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DEBRA FERRY,                                          Case No: 1:13-cv-482

            Plaintiff,                              Barrett, J.
    v.                                                      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

## REPORT AND RECOMMENDATION

### I.  Procedural Background and Pending Attorney Fee Motion

Plaintiff Debra Ferry filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  *See* 42 U.S.C. §405(g).  On July 11, 2014, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency. That Report and Recommendation ("R&R") was adopted as the opinion of the Court on October 16, 2015.  (Docs. 16, 17).

On October 30, 2014, Plaintiff filed a motion seeking attorney's fees and costs pursuant to the Equal Access for Justice Act ("EAJA").  (Doc. 19).  The parties subsequently filed a Stipulation in which they agreed to a set amount of EAJA fees, and the Court subsequently awarded the amount of $3,000.00 to Plaintiff for all fees, costs, and expenses under 28 U.S.C. §2412.  (Docs. 20, 21).

Following remand to the agency from this Court, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff disabled as of April 1, 2011.  A Notice of Award dated October 12, 2015 informed Plaintiff and her attorney that her

past-due benefit award totaled $48,994.43 for the period from September 2011 through September 2015, with monthly benefits to continue after that period.

On April 5, 2016, Plaintiff filed a motion for an additional award of attorney fees pursuant to 42 U.S.C. §406(b). No opposition to the motion has been filed.

**II.    Analysis**

Unlike the EAJA award previously paid by the United States, a fee under §406(b) impacts the social security claimant, because it is paid directly out of her past benefits award. The Notice of Award explains that the agency could not approve the fee agreement between Plaintiff and her representative because a written agreement was not received prior to the favorable decision. Nevertheless, the Notice explains that based upon the statutory authorization for a fee award, the SSA withheld 25 percent, or $16,331.47 of the past due benefits, in order to provide for payment of a fee if one was subsequently approved.

**A.  The Written Fee Agreement**

Counsel's motion explains that she seeks fees pursuant to a written contingency agreement signed by Plaintiff that permits counsel to recover the statutory maximum fee of 25% of a past-due benefits award. Counsel further states that because she has already been awarded $3,000.00 under the EAJA and an additional $9,001.04 for her work at the administrative level, she seeks only $4,231.43 from this Court, representing the statutory maximum of $16,331.47 less the sums previously received.[1]

Counsel has attached to her motion a copy of the contingency agreement signed by Plaintiff on December 10, 2008, at the outset of counsel's work at the administrative

---

[1]In lieu of seeking a higher award and refunding the amount of EAJA fees as would otherwise be required under the statute, counsel has simply subtracted the amount of the prior EAJA fee award from the total sought under §406(b). The same practice has been sanctioned previously by this Court, as well as by published case law from other courts. *See, e.g. Jackson v. Com'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010).

level.  The Contingency fee agreement reads, in relevant part:

> We agree that if Social Security favorably decides my claim or claims, my representative should be paid a fee equal to 25% of the past due benefits resulting from my claims or $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. §406(b), <u>whichever is less</u>…..
>
> We further understand that the fee for both claims may not exceed 25% or $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. § 406(b) of the combined past due benefits, <u>whichever is less</u>….
>
> This agreement covers all services through an appeal to the Appeals Council.  Fees for action beyond the Appeals Council <u>are not limited to $5,300.00 maximum</u>, but are still 25% of the past due benefits resulting from all claims, and subject to approval by the SSA.

(Doc. 22-2) (emphasis added).   The language of the contingency agreement is somewhat ambiguous, insofar as it seems to suggest that the total fee to be recovered by counsel would be <u>the lesser of</u> the maximum fee under 42 U.S.C. § 406(b) or $5,300.00.   However, the final provision clarifies that $5,300.00 is the maximum fee only for work at the administrative level, with a greater fee, up to the statutory maximum under §406(b) of 25%, authorized for any past-due benefits award.  Thus, the proposed fee appears to be authorized both by statute and by the written fee agreement.

### B.  Timeliness of Motion

Before turning to the merits of the unopposed motion, however, another procedural issue confronts this Court:  the timeliness of the motion.  A motion for fees under the EAJA must be filed within thirty days of the final judgment of this Court, but the issue of when a motion must be filed under §406(b) of the Social Security Act is far less clear, and has not been directly addressed by the Sixth Circuit.  The statute itself contains no explicit time limit, but instead permits a court that "renders a judgment favorable to a claimant," to "determine and allow *as* part of its judgment a reasonable

fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).

Although the Plaintiff ultimately received an award of past-due benefits, the reversal of the Commissioner's decision and entry of judgment by this Court in 2014 did not entitle Plaintiff to an immediate award, but instead required further evaluation by the Commissioner.  Thus, the past-due benefits award from which any § 406(b) attorney fee award is to be calculated did not exist at the time of this Court's judgment in 2014, and did not come into existence until October 2015.  The obvious dilemma is how this Court might "allow as part of its judgment" in 2014, a fee award based upon an administrative past-due benefits award that did not come into being until more than two years after judgment was entered by this Court?

Because the statute itself contains no deadline, most courts have held that the time frame for filing a fee motion under § 406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Obviously, on the facts presented in this case, that 14-day period would have expired in 2014.  To avoid that type of harsh result, a majority of courts also have applied equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b).  *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006).  Until recently, this Court followed suit, applying equitable tolling in combination with Rule 54(d)(2), in order to permit counsel to recover fees under 42 U.S.C. § 406(b) for motions filed close in time to the date of the Notice of Award.  *See, e.g., Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127 (S.D.

Ohio, R&R filed Jan. 25, 2013, adopted Feb. 19, 2013); a*ccord Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

In an attempt to provide more clarity, this Court recently enacted a new local rule to specifically address this precise issue.[2]   As of January 1, 2016, Local Rule 54.2(b) now states:  "An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."

In this case, the Notice of Award is dated October 12, 2015.  Under the recently enacted local rule, counsel's motion for an award of fees under § 406(b) therefore was due on or before November 25, 2015.  Regrettably, counsel did not file her motion until April 5, 2016.  In the future, counsel is forewarned that the untimely filing of a § 406(b) motion, in violation of Local Rule 54.2(b), may result in the denial of any statutory fee.

On the facts of this case, the undersigned recognizes that Local Rule 54.2(b) became effective only a few months prior to the time that counsel filed her motion.  In addition, the prior application of Rule 54(d)(2) and equitable tolling by this Court often led to inconsistent results and attorney confusion about the time limits for filing a § 406(b) motion.  The undersigned further recognizes the excellent results achieved by counsel in the above-captioned case, and the lack of any opposition to counsel's motion filed by the Defendant.  Therefore, the undersigned concludes that equitable tolling

---

[2]Rule 54(d)(2)(D) permits courts to establish alternate procedures by local rule.  Other courts within the Sixth Circuit, including the United States District Courts for the Eastern District and Western District of Kentucky and the Eastern District of Michigan, have also promulgated local rules that clarify the time limit for filing an attorney's fee petition under §406.

should be applied in this case, on this one occasion, notwithstanding the existence of Local Rule 54.2(b).  Applying equitable tolling, the undersigned concludes that counsel's tardiness in filing her motion should not bar her recovery of a statutory fee.  It is abundantly clear that – aside from the issue of timeliness under the recently enacted local rule - the total amount of attorney fees sought by counsel is otherwise "reasonable" under controlling statutory authority and case law.  *See generally Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

### III.    Conclusion and Recommendations

It is therefore **RECOMMENDED THAT:**

1.  Plaintiff's motion for an additional fee award (Doc. 22) should be GRANTED;

2.  Plaintiff should be awarded the total sum of $4,231.43 in attorney's fees under 42 U.S.C. §406(b).


*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


DEBRA FERRY,                                        Case No: 1:13-cv-482

             Plaintiff,                        Barrett, J.
     v.                                           Bowman, M.J.


COMMISSIONER OF SOCIAL SECURITY,

           Defendant.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).